IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| THE CONLAN COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 3:22-cv-1199 |
| | ) | |
| v. | ) | |
| | ) | |
| MATCON CONSTRUCTION | ) | |
| SERVICES, INC. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

COMES NOW the Plaintiff, The Conlan Company ("Conlan"), by and through its undersigned attorneys, and files this Complaint against Defendant Matcon Construction Services, Inc. ("Matcon" or "Defendant") and shows this Honorable Court as follows:

## PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff Conlan is a Georgia corporation with its principal place of business located in Marietta, Georgia and is authorized to do business in Florida.

2.    Defendant Matcon is a Florida corporation with its principal place of business in Tampa, Florida, and may be served with process through its registered agent, Marlowe McNabb Machnik, P.A., 5348 W Kennedy Boulevard, Tampa, Florida 33609.

3.     This Court has personal jurisdiction over Defendant Matcon pursuant to Fed. R. Civ. Pro. 4 and Florida Statute §48.193 *et. seq.* because Matcon conducts, engages in, and carries on business in the State of Florida.

4.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000.00 exclusive of interest and costs, and there is complete diversity of citizenship between Conlan and Matcon.

5.     Venue is proper in this district and division pursuant to the forum selection clause at Section 31 of the Subcontract between Conlan and Matcon requiring any litigation arising out of the Project to be filed in the jurisdiction where the Project is located.  Additionally, venue is also proper pursuant to 28 U.S.C. § 1391(b)(2), in that this district and division is where a substantial part of the events or omissions giving rise to the claim occurred.

**BACKGROUND FACTS**

6.     This dispute arises out of the construction of a warehouse/distribution center known as Northpoint 7 (the "Project") located at 3397 Port Jacksonville Parkway, Jacksonville, Florida 32226.

7.     Conlan entered into a contract with NP3397, LLC ("Owner") pursuant to which Conlan was to act as the general contractor for the construction of the Project.

8.     On or about September 9, 2021, Conlan entered into a Subcontract with Matcon (the "Subcontract"), pursuant to which Marcon was to perform certain

structural concrete work, which included, but was not limited to, pouring and/or placing foundations, slab-on-grade, tilt-panels, truck courts, pourback stripes, drive-in ramps and dock pits on the Project (the "Work"). A true and correct copy of the Subcontract is attached to this Complaint as Exhibit "A".

9. Pursuant to the terms and conditions of the Subcontract, time was of the essence and Matcon was required to perform its Work properly, diligently, and continuously within the time specified and complete the Work by the deadlines established.

10. Pursuant to the terms and conditions of the Subcontract, Matcon was required to: supply adequate and competent supervision and a sufficient number of properly skilled workmen; furnish materials of proper quality and quantity; prosecute the work with promptness and diligence; and perform its Work such that it did not delay or disrupt the work of Conlan or others.

## I.   MATCON FAILS TO PERFORM ITS WORK IN ACCORDANCE WITH THE REQUIREMENTS OF THE SUBCONTRACT.

11. Throughout the performance of its Work, Matcon repeatedly failed to perform in the timely, diligent, and workmanlike manner required by the Subcontract.

12. Indeed, Matcon fell behind schedule almost immediately and failed to deliver its Work in accordance with the requirements of the initial Project schedule and subsequent updated schedules.

13. On November 30, 2021, Conlan and Matcon agreed to a revised scheduled and agreed that Matcon would spare no effort to meet the newly revised

deadlines.  The November 30, 2021, revised schedule provided that the following tasks were to be completed as follows:

- Spread Footing to be completed by December 6, 2021.

- Continuous Footing to be completed by February 18, 2021.

- Slab-on-grade to be completed by January 11, 2022.

- Tilt Panels to be completed by February 18, 2022.

14.     By late December 2021, it was evident that Matcon was not progressing the work in accordance with the revised schedule and its continued lack of diligence in performing its Work was jeopardizing the timely completion of the Project.

15.     Pursuant to the terms and conditions of the Subcontract, Matcon was required to take all corrective actions required by Conlan to mitigate any and all failures to perform in accordance with its contractual obligations, including, but not limited to, all corrective actions required of it by Conlan to cure schedule delays and impacts.

16.     Accordingly, on January 4, 2022, Conlan provided a "48-hour" written notice to Matcon of its failure to timely complete several tasks in accordance with the deadlines outlined in the November 30, 2021, revised schedule.  Pursuant to Section 23 of the Subcontract, Conlan demanded that Matcon prepare and undertake a plan of action to rectify its deficient performance and timely complete its Work.  A true and correct copy of Conlan's "48-hour" notice to Matcon is attached hereto as Exhibit "B".

17.     Having received no response to its request for a recovery plan, on or about January 17, 2022, Conlan repeated its demand for Matcon to provide a feasible recovery plan to cure its delays.

18.     On or about January 18, 2022, Conlan informed Matcon that funding was on hold until Matcon's Work was back on schedule.  Conlan also notified Matcon that, due to the Project being behind schedule by a month and a half as a result of Matcon's failures to timely and properly perform, Conlan would supplement Matcon's forces at Matcon's expense if Matcon failed to immediately cure its delays.

19.     Further, by mid-January 2022, Conlan had become aware of several additional deficiencies in Matcon's performance.  First, Matcon personnel were not performing overtime work and continued to leave the Project site early in order to avoid incurring overtime hours when overtime hours, additional shifts, and additional crews were necessary to cure the delays to the schedule.  Second, Matcon's labor subcontractor left the Project because it had not been paid for three weeks reducing Matcon's forces when additional labor was required for schedule recovery.  Third, Matcon had insufficient management and supervision personnel to competently supervise its subcontracted crews leading to decreased productivity and safety concerns.  Fourth, Matcon failed to properly forecast its need for materials and routinely exhausted its available supply before the end of the regular work day.

20.     Throughout the months of January and February 2022, Matcon failed to cure its performance deficiencies and continued to postpone concrete pours, falling further behind schedule.

21.     On March 15, 2022, as a result of Matcon's continuing deficient performance and inability to diligently progress the Work to advance the schedule and cure its delays, and in accordance with the terms and conditions of the Subcontract, Conlan terminated Matcon for cause.  A true and correct copy of Conlan's Termination Letter to Matcon is attached hereto as Exhibit "C".

22.     Pursuant to the terms and conditions of the Subcontract, upon Matcon's termination, Conlan was entitled to arrange for the performance of Matcon's obligation at Matcon's expense and, to the extent those expenses exceeded the unpaid Subcontract balance, Conlan had a right to make a claim against Matcon for the excess.

23.     Pursuant to the terms and conditions of the Subcontract, Conlan proceeded to complete Matcon's Work on Matcon's behalf and, in doing so, incurred damages and expenses attributable to Matcon's default in the amount of $465,852.91 for which Conlan is entitled to recover from Matcon.

**II.    MATCON FAILS TO PAY ITS SUB-TIER SUBCONTRACTORS AND SUPPLIERS.**

24.     In April 2022, after Matcon had demobilized from the Project site, Conlan became aware that—despite Matcon's certified representations in its January 2022 pay application that it had made payment to its subcontractors and suppliers—Matcon had failed to properly and/or timely pay many of its

subcontractors and vendors notwithstanding the fact that Conlan paid Matcon its January Pay Application, relying upon Matcon's sworn statement that it would dutifully pay its subcontractors and vendors.

25.    Pursuant to the terms and conditions of the Subcontract, Matcon accepted all payments made to it by Conlan as trustee for the benefit of its material suppliers and lower tier subcontractors and all payments received by Matcon were to be first used to satisfy or secure any debt owed by Matcon to its material suppliers and lower-tier subcontractors.

26.    Matcon's failure to pay its subcontractors and suppliers resulted in certain subcontractors and suppliers filing mechanics' liens against the Project.

27.    Specifically, CMC Steel Fabricators, Inc., filed a mechanics' lien for $250,404.86; AA Pittman & Sons Concrete Co., Inc., filed a mechanics' lien for $27,143.26; New South Construction Supply, LLC, filed a mechanics' lien for $18,457.75; and Rodbusters Machado, filed a mechanics' lien for $61,487.50.

28.    Pursuant to the terms and conditions of the Subcontract, Matcon was required to keep the Project free from all mechanics' liens.

29.    Conlan made several demands to Matcon to discharge the mechanics' liens filed by its subcontractors and suppliers, but Matcon has failed and refused to discharge the liens.

30.    On October 4, 2022, Conlan notified Matcon that it had 48 hours to either pay the amounts owed or file a bond to discharge the liens filed against the Project.

Matcon again failed to take any meaningful action to fulfill its contractual responsibilities.

31.     On October 7, 2022, Conlan's counsel notified Matcon that, pursuant to the terms and conditions of the Subcontract, Conlan would proceed to remove all the liens filed by Matcon's subcontractors and vendors.  All costs associated with removing the liens would be assessed against Matcon's account.

32.     Matcon has failed and refused to pay its subcontractors and vendors the amounts owed them from the January Pay App and/or to bond off the liens filed by its subcontractors and vendors pursuant to the terms and conditions of the Subcontract.

33.     All conditions precedent to Conlan's right to recover the aforementioned sums have been performed, satisfied, waived, or otherwise excused by Matcon.

## COUNT I
## BREACH OF CONTRACT
### (MATCON'S DEFAULT AND TERMINATION)

34.     Conlan reasserts and realleges the allegations set forth in paragraphs 1 through 33 as if fully set forth herein and incorporates said paragraphs by reference.

35.     As more fully set forth above, Conlan and Matcon entered into a Subcontract under which Matcon was to perform certain work on the Project.

36.     Pursuant to the terms and conditions of the Subcontract, time was of the essence and Matcon was required to diligently and continuously perform its Work within the time specified and complete the Work by the deadlines established.

37.   Pursuant to the terms and conditions of the Subcontract, Matcon was required to: supply adequate and competent supervision and a sufficient number of properly skilled workmen; furnish materials of proper quality and quantity; prosecute the work with promptness and diligence, and perform its Work such that it did not delay or disrupt the work of Conlan or others.

38.   Pursuant to the terms and conditions of the Subcontract, Matcon was required to take all corrective actions required by Conlan to mitigate any and all failures to perform in accordance with its contractual obligations, including, but not limited to, all corrective actions required of it by Conlan to cure schedule delays and impacts.

39.   As more fully set forth above, Matcon repeatedly and continuously failed to perform and complete its work in accordance with the Project schedule.

40.   As more fully set forth above, Matcon repeatedly and continuously failed to provide sufficient and competent labor and supervision, failed to properly manage its workforce and materials, and failed to take the corrective actions required to cure its deficiencies.

41.   Matcon's inability to perform, manage, and complete its work in accordance with the terms and conditions of the Subcontract and its repeated failure and refusal to cure its deficiencies constituted material breaches of the Subcontract.

42.   As a result, Conlan enforced its right under Section 23 of the Subcontract to terminate Matcon and complete the Work at Matcon's expense and has incurred

damages as a direct result of Matcon's material breaches.

43.   To date, Conlan has suffered damages in the amount of at least $465852.91, excluding interest, liquidated damages, and attorneys' fees and related costs.

44.   All conditions precedent to the recovery of damages from Matcon have been performed, satisfied, waived, or otherwise excused by Matcon.

## COUNT II
## BREACH OF CONTRACT
### (FAILURE TO PAY SUBCONTRACTORS & SUPPLIERS)

45.   Conlan reasserts and realleges the allegations set forth in paragraphs 1 through 33 as if fully set forth herein and incorporates said paragraphs by reference.

46.   Pursuant to the terms and conditions of the Subcontract, Matcon accepted all payments made to it by Conlan as trustee for the benefit of its material suppliers and lower tier subcontractors and all payments received by Matcon were to be first used to satisfy or secure any indebted owed by Matcon to its material suppliers and lower-tier subcontractors.

47.   Pursuant to the terms and conditions of the Subcontract, Matcon was required to keep the Project free from all mechanics' liens.

48.   As more fully set above, Matcon failed to pay several of its subcontractors and vendors.

49.   As more fully set forth above, Matcon's failure to pay caused certain subcontractors and vendors to file mechanics' liens on the Project.

50.    As further set forth above, despite repeated demands, Matcon has failed and refused to discharge its subcontractors' and vendors' mechanics' lien from the Project.

51.    Matcon's failure to pay its subcontractors and suppliers funds paid to it as trustee for such subcontractor and suppliers' benefit, its failure to keep the Project free of all mechanics' liens, and its failure to discharge the mechanics' liens constitute material breaches of the Subcontract.

52.    As a direct result of Matcon's material breaches of the Subcontract, Conlan has incurred significant unanticipated costs for which Matcon is liable.

53.    To date, Conlan has suffered damages in the amount of at least $386,930.00, excluding bonds, interest, liquidated damages, and attorneys' fees and related costs.

## <u>COUNT III</u>
## <u>ATTORNEYS' FEES</u>

54.    Conlan reasserts and realleges the allegations set forth in paragraphs 1 through 52 as if fully set forth herein and incorporates said paragraphs by reference.

55.    Pursuant to Section 23 of the Subcontract, Conlan is entitled to recover from Matcon its attorneys' fees incurred as a result of Matcon's failure to perform the Work in accordance with the Subcontract, its material breaches of the Subcontract, and its default and termination under the Subcontract.

56.     Pursuant to Section 17 of the Subcontract, Conlan is entitled to recover from Matcon its attorneys' fees incurred as a result of discharging any mechanics' lien that arise from of Matcon's performance of the Work.

57.     Conlan has incurred and continues to incur attorneys' fees and related costs as a result of Matcon's failure to perform the Work in accordance with the Subcontract, its material breaches of the Subcontract, and its default and termination under the Subcontract.

58.     Conlan has incurred and continues to incur costs and expenses, including attorneys' fees, as a result of Matcon's failure to discharge the liens filed by its subcontractors and suppliers.

59.     All conditions precedent to Conlan's right to recover attorneys' fees and related costs incurred as a result of Matcon's failure to perform the Work in accordance with the Subcontract, its material breaches of the Subcontract, its default and termination under the Subcontract have occurred, and its failure to discharge lower tier subcontractor and supplier liens have been performed, satisfied, waived, or otherwise excused by Matcon.

## **PRAYER FOR RELIEF**

WHEREFORE, The Conlan Company, having set forth its Complaint in this matter against Defendant Matcon Construction Services, Inc., prays that:

(a)     this Court enter judgment in favor of The Conlan Company and against Matcon Construction Services, Inc. on Count I for any and all sums due to The Conlan Company, plus pre-and post-judgment

12

interest, for breach of contract;

(b)     this Court enter judgment in favor of The Conlan Company and against Matcon Construction Services, Inc. on Count II for any and all sums due to The Conlan Company, plus pre-and post-judgment interest, for breach of contract;

(c)     this Court enter judgment in favor of The Conlan Company and against Matcon Construction Services, Inc. on Count III for the recovery of attorneys' fees and related costs pursuant to the term and conditions of the Subcontract, including but not limited to all such fees, costs, and expenses incurred in this matter; and

(d)     that The Conlan Company be awarded all such other and further relief as this Court may deem just and proper.

Dated this 3rd day of November, 2022.

SHUTTS & BOWEN LLP

/s/ Frank T. Moya
Frank T. Moya, Esq.
Florida Bar No.:  91886
Shane P. Fitzsimmons, Esq.
Florida Bar No.: 1002971
1022 Park Street, Suite 308
Jacksonville, FL  32204
Telephone:  904-899-9926

Joseph M. Goldstein, Esq.
Florida Bar No. 820880
200 East Broward Blvd., Suite 2100
Fort Lauderdale, FL  33301
Telephone: 954-847-3837

Of Counsel:
Martin R. Salzman
J.T. Gallagher
Hendrick Phillips Salzman & Siegel\
230mPeachtree Street  Suite 2500
Atlanta, GA 30303